# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LANDIS HAZELWOOD,

       Plaintiff,

v.                                      **Case No. 6:23-cv-2146-JA-DCI**

THE PLAZA LAND
CONDOMINIUM ASSOCIATION,
INC., A FLORIDA NOT FOR
PROFIT CORPORATION,

       Defendant.

---

## ORDER

This case is before the Court on review of the Notice of Removal (Doc. 1) and the state court complaint (Doc. 1-1).

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiff, Landis Hazelwood, filed this negligence action in state court both on behalf of herself and as parent and guardian of her daughter. (Doc. 1-1). Defendant, The Plaza Land Condominium Association, Inc., then removed

it to this Court, relying on diversity of citizenship as the basis for this Court's subject-matter jurisdiction. (Doc. 1). However, Defendant has not sufficiently alleged the citizenship of any of the parties and thus has not established diversity of citizenship.

First, citing paragraph 2 of the state court complaint, Defendant asserts that "Plaintiffs are citizens of the state of Virginia." (Doc. 1 at 2). But paragraph 2 of the state court complaint states only that "[a]t all times hereinafter mentioned and at the time of the incident complained of, Plaintiffs were individuals residing in Petersburg, Virginia." (Doc. 1-1 ¶ 2). "Residence alone is not enough" to establish citizenship. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . ." *Id.* at 1257–58 (alteration in original) (internal quotation marks omitted) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). That a party may be a resident of a certain state does not establish that state as his or her domicile.

Second, Defendant describes itself as "a citizen of the state of Florida," citing paragraph 3 of the state court complaint. (Doc. 1 at 3; *see also* id. at 4 (asserting that "[b]ased on the allegations in the Complaint, . . . Defendant is a

citizen of Florida.")).   But "[f]or the purposes of [28 U.S.C. § 1332] . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Defendant acknowledges this standard in the Notice of Removal,, (*see* Doc. 1 at 4), but then relies on the Complaint, which identifies Defendant only as "a Florida corporation doing business in Orange County, Florida," (*see* Doc. 1-1 ¶ 3).  This is not sufficient to describe Defendant's citizenship.

Because the Complaint does not sufficiently identify the states of citizenship of any of the parties, the Court cannot determine whether the parties are diverse.  Accordingly, it is **ORDERED** that **no later than November 16, 2023,** Defendant shall file an amended notice of removal that establishes the citizenships of each of the parties.

**DONE** and **ORDERED** in Orlando, Florida, on November 7, 2023.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

3